UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSE ALEXANDER KELLY-CASTILLO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos. 1:21-cv-00477-DCN<br>             1:19-cr-00404-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court in the above-entitled matter is Petitioner Jesse Kelly-Castillo's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. 1.[1] The Government filed a response requesting dismissal. Dkt. 3. For the reasons set forth below, the Court DENIES the Petitioner's motion.

## II. BACKGROUND

On December 11, 2019, a Grand Jury returned an Indictment charging Kelly-Castillo with two felony offenses: (1) Attempted Coercion and Enticement in violation of 18 U.S.C. § 2422(b) and (2) Attempted Use of Interstate Facilities to Transmit Information

---

[1] In this Order, "CR–404" is used when citing to Kelly Castillo's criminal case record in 1:19-cr-00404-DCN. All other docket citations are to the record in the instant civil case. Kelly-Castillo also filed a Motion to Vacate in his criminal case. CR–404, Dkt. 57.

MEMORANDUM DECISION AND ORDER - 1

About a Minor in violation of 18 U.S.C. § 2425. CR–404, Dkt. 12. On September 21, 2020, Kelly-Castillo appeared before the Magistrate Judge Candy W. Dale and entered a guilty plea to Count One pursuant to a plea agreement with the Government. CR–404, Dkts. 41, 36. Count Two was dismissed as part of the plea agreement. CR–404, Dkt. 42, at 2. In the plea agreement and during the plea colloquy, Kelly-Castillo was notified that Count One carried a mandatory 10-year sentence. CR–404, Dkt. 36, at 5. On December 9, 2020, the Court sentenced Kelly-Castillo to 120 months imprisonment, to be followed by 15 years of supervised release. CR–404, Dkt. 52. On December 6, 2021, Kelly-Castillo filed a timely pro se motion under 28 U.S.C. § 2255, alleging his trial counsel was ineffective. Dkt 1. The Government filed a response on January 21, 2022. Dkt. 3.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b). Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled

to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel

Here, Kelly-Castillo claims ineffective assistance of counsel via § 2255. As the United States Supreme Court has noted, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).[2] Therefore,

---

[2] In applying that presumption, a court must make an effort "to eliminate the distorting effects of hindsight" (continued)

MEMORANDUM DECISION AND ORDER - 3

Kelly-Castillo must satisfy both prongs of "the two-part *Strickland v. Washington* test." *Hill v. Lockhart*, 474 U.S. 52, 56–58 (1985) (citing *Strickland*, 466 U.S. at 687–90); *see also Lee v. United States*, 137 S. Ct. 1958, 1964–67 (2017). To establish ineffective assistance under that test here, Kelly-Castillo had to show (1) that his counsel's advice to plead guilty was not "'within the range of competence demanded of attorneys in criminal cases,'"; and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 56–59 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see also United States v. Silveira*, 997 F.3d 911 (9th Cir. 2021).[3]

Here, Kelly-Castillo states in a conclusory fashion that,

> Attorney did not adequately investigate and prepare for the case. Attorney failed to investigate statements that wer [*sic*] brought forth by the prosecution from the state, which is believed to be the reasoning behind the sentence recieved [*sic*]. Attorney failed to prepare for case by not researching similar case and their outcomes. Attorney failed to dispute length of sentence and supervised release. Had attorney done the above we believe the sentence would have been less.

Dkt. 1, at 4. Further, Kelly-Castillo claims that, "At the time I believed my attorney knew what he was doing. After research and reviewing things I've since learned I found that was not the case." *Id*. at 5. Kelly-Castillo provides no further explanation or facts.

Indeed, Kelly-Castillo's claims contain no facts or specific details to support his

---

and instead "to reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

[3] To satisfy the *Strickland* prongs, Kelly-Castillo must identify specific deficient acts or omissions of defense counsel. *Strickland*, 466 U.S. at 690. Also, when a defendant's Section 2255 claim "is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing." *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004).

claim that counsel's performance fell below an objective standard of reasonable and are merely conclusory, and as such, cannot support a claim of ineffective assistance of counsel. Furthermore, Kelly-Castillo was sentenced to the mandatory minimum sentence permitted by statute so there was no reasonable possibility that his sentence would have been reduced but for counsel's performance. Thus, Kelly-Castillo's counsel fell well within "the 'wide range' of reasonable professional assistance." *Richter*, 131 S.Ct. at 787 (quoting *Strickland*, 466 U.S. at 688).

In conclusion, the Court DENIES Kelly-Castillo's ineffective assistance of counsel claim.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Kelly-Castillo has failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a COA.

If Kelly-Castillo wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth

Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Kelly-Castillo's conviction or sentence at this time. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the motion is DENIED.

## VII. ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Kelly-Castillo's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1); CR–404 (Dkt. 57) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

2. The Court finds there is no need for an evidentiary hearing.

3. No certificate of appealability shall issue. Kelly-Castillo is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4. If Kelly-Castillo files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: April 19, 2022

_____
David C. Nye
Chief U.S. District Court Judge